■   GLORIA J. KENYON (LOWERY), Appellant, v. STATE OF NEW YORK,
Respondent.— Judgment unanimously reversed on the law and facts, with
costs to claimant and matter remitted to the Court of Claims for assessment
of the amount of damages.   Certain findings of fact and conclusions of law
disapproved and reversed and new findings and conclusions made.   Memo-

randum: Claimant appeals from a judgment dismissing her claim for personal injuries and property damage sustained on August 6, 1956 when, because of the alleged presence of a muddy stretch on a straight and level State highway, her car skidded off the highway and struck a tree. The accident occurred in front of a construction site where trucks with dual wheels, entering and leaving the construction job, caused mud to be deposited on the highway throughout the Summer. When it rained a slippery condition was created. During the day of the accident it had been intermittently rainy and drizzly. About a quarter of a mile from the scene of the accident claimant passed a car traveling in the same direction by accelerating her speed to 45 miles per hour without incident. As she attempted to pass another car about 100 feet from the point of the accident her car skidded off the highway at the construction site and struck a tree. There was nothing to warn claimant of the slippery condition or that she could not safely pass the second car in the same manner as she passed the first one. All of the foregoing was established by ample evidence from which factual inferences of negligence and freedom from contributory negligence should have been drawn. (*Minotti* v. *State of New York*, 18 A D 2d 769.) It is well settled that the State is under an obligation to maintain its highways in a reasonably safe condition; that when a condition renders it unsafe for persons using it in the exercise of reasonable care and such condition has existed long enough to give the State constructive notice it is incumbent upon the State to take whatever action is reasonably required for the protection of travelers on the highway, even though a third person created that condition. (See *Meil* v. *Syracuse Constructors*, 19 A D 2d 10; *Shaffer* v. *State of New York*, 256 App. Div. 1053; *Laitenberger* v. *State of New York*, 190 Misc. 633, affd. 273 App. Div. 942.) Contributory negligence on the part of claimant may not be inferred from the fact alone that the car skidded and went out of control. (*Lahr* v. *Tirrill*, 274 N. Y. 112, 117.) We find that the State was negligent in failing to give any warning of the dangerous condition on the highway of which it had constructive notice; that such condition was the proximate cause of the accident and that claimant was not guilty of contributory negligence. (Appeal from judgment of Court of Claims dismissing a claim.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.