■ NEW YORK TELEPHONE COMPANY, Respondent, v HARRISON & BURROWES BRIDGE CONTRACTORS, INC., Appellant. [771 NYS2d 187]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered June 28, 2001 in Albany County, upon a decision of the court in favor of plaintiff.

Between 1948 and 1964, plaintiff installed six submarine telephone cables in the Hudson River between the City of Cohoes, Albany County, and the City of Troy, Rensselaer County. Each was laid on the bottom of the river in the vicinity of the 112th Street Bridge. On December 6, 1996, plaintiff received over 400 calls that its customers were out of service. Testing performed by plaintiff's employees revealed that the last cable installed (in 1964) was not transmitting signals and the problem area was in the river some 400 to 500 feet from the manhole on the Cohoes side. Plaintiff's employee determined this to be in the vicinity of pier 2 under the bridge. Plaintiff's employee further saw that defendant was the only entity working in the vicinity. On that morning, defendant's employees were filling the pier protection assemblies around piers 2 and 3 with crushed stone. Their method of operation was to transport the stone in barges from the shore to the pier protection assembly where it was off-loaded. To secure the barges in the current, I-beams, called spud bars, weighing approximately 5,000 pounds, were used to anchor the barges to the river bed. Plaintiff abandoned the damaged cable, replacing it with a cable installed in a conduit beneath the bridge in order to restore service to its customers.

Plaintiff commenced this action alleging that defendant damaged its cable while doing construction work. After issue was joined, defendant moved for summary judgment, which was denied. Following a nonjury trial, judgment was awarded to plaintiff. On this appeal, defendant asserts that (1) its motion for summary judgment should have been granted, (2) the verdict for plaintiff is against the weight of the evidence, and (3) damages are excessive.

With respect to the summary judgment issue, we initially note that there is no merit to plaintiff's procedural argument that this issue is not properly before us (see CPLR 5501 [a]). Substantively, we agree with Supreme Court that defendant's assertions that its barges were not working in the vicinity of plaintiff's cable were sufficiently refuted by plaintiff's eviden-

tiary submissions so that summary judgment was inappropriate, triable issues of fact existing with respect to the cause of the damage and defendant's proximity to the site (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *DiFranco v Golub Corp.*, 241 AD2d 901, 902 [1997]; *Wensley v Argonox Constr.*, 228 AD2d 823, 825 [1996], *lv dismissed* 89 NY2d 861 [1996]). Accordingly, we conclude that Supreme Court properly denied the summary judgment motion.

With respect to the weight of evidence issue, defendant argues that Supreme Court's verdict is analogous to or based on the doctrine of res ipsa loquitur. We disagree. The record clearly establishes that plaintiff did not employ this doctrine in seeking to establish defendant's liability, but rather utilized circumstantial evidence to do so. A prima facie case of negligence based on circumstantial evidence is established when plaintiff's evidence proves that it is "more likely" or "more reasonable" that the injury was caused by defendant's negligence than by some other agency (*see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Tenkate v Moore*, 274 AD2d 934, 936 [2000]). In reviewing this nonjury trial, we evaluate "the weight of the evidence presented and grant judgment warranted by the record, giving due deference to the trial court's determinations regarding witness credibility" (*Riggs v Benning*, 290 AD2d 716, 717 [2002] [citations omitted]; *see Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 695 [2003]), so long as those findings could have been reached upon a fair interpretation of the evidence (*see Amodeo v Town of Marlborough*, 307 AD2d 507, 509 [2003]; *Glencoe Leather v Parillo*, 285 AD2d 891, 891-892 [2001]). Specifically, with regard to Supreme Court's findings arising from plaintiff's circumstantial case, "it is enough that plaintiff shows facts and conditions from which negligence of defendant and causation of the accident may reasonably be inferred" (*Kadyszewski v Ellis Hosp. Assn.*, 192 AD2d 765, 766 [1993]; *see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]).

Plaintiff's proof established the location of its cable and the point at which it was damaged, that defendant was working in the vicinity where the damage occurred, that defendant's method of operation employed 5,000 pound spud bars dropped into the bed of the river, that plaintiff's submarine cables were specially constructed with galvanized steel armor coating, that their integrity was monitored by using air pressure measurements, and that on the morning in question, when defendant was the only entity working in the area, plaintiff's newest cable

suddenly and spontaneously ruptured, resulting in loss of service to its customers. Plaintiff is not required to establish defendant's liability to an unassailable certainty (*see Schneider v Kings Highway Hosp. Ctr., supra* at 744; *Ingersoll v Liberty Bank*, 278 NY 1, 7 [1938]). In our view, giving due deference to Supreme Court's credibility determinations, the verdict is not against the weight of the evidence.

With respect to the damage issue, defendant makes two arguments. First, defendant asserts that plaintiff has been unjustly enriched because the verdict contains a sum for rebates which the Public Service Commission (hereinafter PSC) has not yet ordered plaintiff to pay to its customers. Plaintiff and the PSC had in place an incentive regulation plan pursuant to which plaintiff had to pay rebates to customers who were out of service for more than 24 hours based on a sliding scale. The maximum allowable failure threshold permitted 25.5% of plaintiff's customers to be out of service for more than one day before rebates would be ordered. Plaintiff had been performing at approximately 22% prior to the failure of this submarine cable, after which its rate jumped to 33.24%. When that occurred, all of plaintiff's customers in that sector, not just the ones whose service was interrupted, were entitled to a $45 rebate. Supreme Court's calculation of this item of damage was correct as there is no merit to defendant's first argument that it is responsible only for its "share," presumably computed on only those customers who were out of service due to the cable rupture. Moreover, the damages are not rendered uncertain by the PSC's decision to hold the rebate determination in abeyance pending the outcome of this lawsuit.

Defendant's second argument is that plaintiff did not use the most cost effective remedy to repair the damage and wrongfully upgraded its infrastructure. While defendant correctly argues that plaintiff has a duty to mitigate damages, defendant must prove that plaintiff could have practically done so (*see Rebh v Lake George Ventures*, 241 AD2d 801, 803 [1997]). Specifically, defendant claims that plaintiff could have installed a new submarine cable, rather than rerouting the communication line. We do not find merit in this argument. The record reflects that the cost of labor for splicing the new cable, whether it was under water or above ground and under the bridge, would be approximately the same, but that the cost of procuring the submarine cable is two or three times greater and significant delays would have been incurred in procurement of such a cable. Defendant also argues that plaintiff should not be reimbursed for expanding the infrastructure of its manholes in the area of

the cable failure. Plaintiff, however, established that the extra space was needed to enable a third worker to work in the area to more quickly restore such a large scale service failure. In responding to this emergency, plaintiff only need employ " 'reasonable and proper efforts to make the damage as small as practicable' " (*Williams v Bright*, 230 AD2d 548, 550 [1997], *lv dismissed* 90 NY2d 935 [1997], quoting *Blate v Third Ave. R.R. Co.*, 44 App Div 163, 167 [1899]). Accordingly, we find that Supreme Court's determination with respect to the issue of damages does not materially deviate from reasonable compensation under the circumstances.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.