[796 NYS2d 503]

In the Matter of City of Syracuse Industrial Development Agency, Appellant-Respondent, Relative to Acquiring Title to Real Property in the City of Syracuse for a Project Known as Carousel Landing. Alterm, Inc., et al., Respondents-Appellants. (Appeal No. 3.)

Fourth Department, June 10, 2005

## APPEARANCES OF COUNSEL

*Hiscock & Barclay, LLP*, Buffalo (*Mark R. McNamara* of counsel), for appellant-respondent.

*Law Offices of Robert A. Gladstone*, Belle Mead, New Jersey (*Robert A. Gladstone* of the New Jersey Bar, admitted pro hac vice, of counsel), for respondents-appellants.

## OPINION OF THE COURT

PIGOTT, JR., P.J.

In this EDPL article 5 proceeding, petitioner appeals and respondents cross-appeal from a judgment that resulted in a valuation of $498,220 for respondents' property in the "Oil City" area of the City of Syracuse (City). We must decide, inter alia, whether Supreme Court properly valued the property as if its highest and best use is commercial, rather than industrial, and whether the court properly valued the property without taking into account the cost of environmental contamination and any necessary remedial measures. For the reasons set forth below, we conclude that the court properly found that the highest and best use of the property is commercial and that remediation costs should not be considered in calculating fair market value for condemnation purposes.

### I

Initially, the parties disagree over the highest and best use of the property as of the date of the taking. Petitioner contends that the property should be valued based upon its existing industrial use and the surrounding industrial uses. Respondents contend that the property should be valued based upon its potential commercial use, given the nearby Carousel Center and the City's plans for developing other areas of the inner harbor. Secondly, the parties disagree whether evidence of contamination and remediation costs may properly be considered in valuing the property. Petitioner contends that the value of the property is reduced by its environmental contamination, which creates a stigma on the property and requires costly remediation. Respondents contend that those factors should not reduce the fair market value of the property for condemnation purposes because respondents remain potentially liable for remediation costs under the Navigation Law even after condemnation.

Petitioner's expert valued the property at $65,000 based on an industrial use and took into consideration the effects of contamination, remediation costs and stigma. Respondents' expert valued the property at $859,000 based on a commercial use and excluded the effects of contamination, remediation costs and stigma. The court generally accepted the methodology of respondents' expert, but reduced the valuation because of inadequate adjustments to comparable sales, and further reduced the valuation by 20% to account for the stigma of environmental contamination even after remediation.

## II

On an appeal from a judgment rendered after a nonjury trial, our scope of review is as broad as that of the trial court (*see Matter of Capizola v Vantage Intl.*, 2 AD3d 843, 844 [2003]). Upon such a review, the record should be "viewed in the light most favorable to sustain the judgment" (*Farace v State of New York*, 266 AD2d 870, 871 [1999]; *see Parone v Rivers*, 84 AD2d 686 [1981]), and this Court should evaluate "the weight of the evidence presented and grant judgment warranted by the record, giving due deference to the trial court's determinations regarding witness credibility, so long as those findings could have been reached upon a fair interpretation of the evidence" (*New York Tel. Co. v Harrison & Burrowes Bridge Contrs.*, 3 AD3d 606, 608 [2004] [internal quotation marks and citations omitted]). "[T]he decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992] [internal quotation marks omitted], *rearg denied* 81 NY2d 835 [1993]).

We conclude that the court's finding that the highest and best use of the property is for future commercial use is supported by a fair interpretation of the evidence (*see New York Tel. Co.*, 3 AD3d at 608). The testimony of respondents' expert establishes that commercial use is permitted by the current zoning classification of the property (Industrial "B"), and that such a use is both physically possible and maximally profitable. Thus, the record of the seven-day trial establishes that a commercial use " 'reasonably could or would be made of [the property] in the near future' " and was not merely " 'a speculative or hypotheti-

cal arrangement in the mind of the claimant' " (*Matter of City of New York v Jamaica Arms Hotel, Inc.*, 14 AD3d 699, 700 [2005], quoting *Matter of HBP Assoc. v County of Orange*, 277 AD2d 237, 237 [2000]). Because the evidence supports the trial court's finding that the highest and best use of the property is commercial, that finding should not be disturbed (*see generally Thoreson*, 80 NY2d at 495).

## III

We further conclude that the court properly valued the property "as if remediated," without consideration of contamination or remediation costs, because petitioner may still recover remediation costs from respondents through other available avenues. In the instant case, petitioner argues that evidence of contamination and remediation costs associated with the contamination of the property should be taken into account in determining the fair market value. Nonetheless, we agree with the Second and Third Departments (*see Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77, 82-84 [2004]; *see also Matter of Northville Indus. Corp. v State of New York*, 14 AD3d 817 [2005]), as well as courts in other jurisdictions (*see e.g. Housing Auth. of City of New Brunswick v Suydam Invs., L.L.C.*, 177 NJ 2, 23-24, 826 A2d 673, 686-687 [2003]; *Aladdin, Inc. v Black Hawk County*, 562 NW2d 608, 614-617 [Iowa 1997]; *Department of Transp. ex rel. People v Parr*, 259 Ill App 3d 602, 607, 633 NE2d 19, 23 [1994], *lv denied* 157 Ill 2d 497, 642 NE2d 1276 [1994]), that contamination evidence or remediation evidence, or both, should be excluded in condemnation proceedings based on the fact that the condemnor can seek remediation costs in a separate action in which the condemnee's liability can be established.

## IV

Finally, we conclude that the judgment should be modified and the matter should be remitted to Supreme Court so that the sum awarded, plus interest, can be deposited into court pursuant to CPLR 2601 subject to further order of the court pending resolution of a Navigation Law proceeding. Because respondents "face potential liability under the Navigation Law," and in order to guard against a windfall to any party in this action, "the most efficacious way" to acknowledge the possibility of a "double taking" is to value the property "as if remediated, but to hold in escrow any condemnation award pending the outcome of [any] Navigation Law proceeding" subject to further order of the court (*Mobil Oil Corp.*, 12 AD3d at 84).

## V

We have considered the parties' remaining contentions and conclude that they are without merit. Accordingly, the judgment should be modified by vacating the provision that respondents have execution on the judgment, and the matter should be remitted to Supreme Court with an instruction that the sum awarded, plus interest, be deposited into court pursuant to CPLR 2601 subject to further order of the court pending resolution of a Navigation Law proceeding.

GORSKI, SMITH, PINE and LAWTON, JJ., concurring.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified, on the law, by vacating the provision that respondents have execution on the judgment and as modified the judgment is affirmed, without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the opinion by PIGOTT, JR., P.J.