■ PAUL SCHARDT et al., Respondents, v DOUGLAS POSSON, Doing Business as POSSON PUMP SERVICE, Appellant. [838 NYS2d 725]—

Rose, J. Appeal from a judgment of the Supreme Court (Best, J.), entered March 2, 2006 in Montgomery County, upon a decision of the court in favor of plaintiffs.

Plaintiffs contracted to purchase residential real property and hired defendant as an expert to test the flow capacity of an existing well on the premises. Alleging that defendant misreported the quantity of water that could be produced by the well, plaintiffs commenced this action and presented evidence at a nonjury trial that they had relied on defendant's report of an adequate water supply to their detriment because the well was, in fact, incapable of yielding sufficient water for use of the property as a residence. Although defendant presented evidence that his testing methods conformed to industry standards, he admitted that he did not report the recovery rate measured during his testing. Supreme Court found that defendant had misrepresented the well's capacity and plaintiffs reasonably relied upon his report in purchasing the property. Based upon the testimony of plaintiffs' appraiser, the court awarded damages in the amount of $48,169. Defendant appeals.

We affirm. Supreme Court's findings depended primarily on defendant's own admissions and the court's assessment of the

credibility of plaintiffs' witnesses (*see Eddyville Corp. v Relyea*, 35 AD3d 1063, 1064 [2006]; *Salvador v Uncle Sam Auctions & Realty, Inc.*, 30 AD3d 861, 861 [2006]). The record contains evidence that a well's recovery rate is a critical measure of a well's capacity, the rate revealed by defendant's testing is inadequate for residential use and defendant departed from industry standards by failing to report that rate to plaintiffs. Further, plaintiffs' loss was not shown to be due to any unforeseeable, intervening event.

Equally unpersuasive is defendant's contention that plaintiffs did not mitigate their damages by selecting the most cost-effective remedy for their water shortage. During cross-examination of plaintiffs' witnesses, they testified that a new or deeper well likely would not be effective and using the pond on the premises would not be acceptable in the residential marketplace. Defendant thereafter presented no evidence that any alternative could have produced sufficient potable water (*see New York Tel. Co. v Harrison & Burrowes Bridge Contrs.*, 3 AD3d 606, 609 [2004]; *Rebh v Lake George Ventures*, 241 AD2d 801, 803 [1997]).

Finally, as the summary appraisal report admitted into evidence in support of plaintiffs' damages claim was the original report of plaintiffs' appraiser, its admission did not violate the best evidence rule (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [1994]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.