# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**83**

**CA 14-00707**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

RICHARD H. WARNER, INDIVIDUALLY AND AS GUARDIAN
OF MARY DOROTHY WARNER, AN INCAPACITATED PERSON,
CLAIMANT-APPELLANT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 98768.)
------------------------------------------------
RICHARD H. WARNER, AS EXECUTOR OF THE ESTATE OF
MARY DOROTHY WARNER, DECEASED, CLAIMANT-APPELLANT,

V

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 105712.)
(APPEAL NO. 1.)

---

THE COSGROVE LAW FIRM, BUFFALO (EDWARD C. COSGROVE OF COUNSEL), FOR
CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered July 25, 2013. The order granted the motion of defendant for summary judgment and dismissed the claims.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the claims are reinstated.

Memorandum: In appeal No. 1, claimant appeals from an order granting defendant's motion for summary judgment and dismissing two separate claims, one seeking damages for personal injuries sustained by claimant's decedent (decedent), and a second seeking damages for the wrongful death of decedent. In appeal No. 2, claimant appeals from an order that denied his motion for leave to reargue or leave to renew defendant's motion (*see generally* CPLR 2221). Addressing the order in appeal No. 1, we agree with claimant that the Court of Claims erred in granting defendant's motion. Defendant "has a duty to maintain its roadways 'in a reasonably safe condition for foreseeable uses' " (*Grevelding v State of New York*, 91 AD3d 1309, 1310, quoting *Stiuso v City of New York*, 87 NY2d 889, 891). "[W]hen a condition

renders it unsafe for persons using it in the exercise of reasonable care and such condition has existed long enough to give the State constructive notice[,] it is incumbent upon the State to take whatever action is reasonably required for the protection of travelers on the highway" (*Kenyon v State of New York*, 21 AD2d 851, 852; *see Preston v State of New York*, 6 AD3d 835, 836, *lv denied* 3 NY3d 601).  Here, defendant sought dismissal of the claims on the ground that there was no significant history of accidents at the intersection where the accident occurred in which decedent was injured and, therefore, that it had not been placed on notice of a dangerous condition (*see generally Friedman v State of New York*, 67 NY2d 271, 286).  The affidavits of defendant's experts, however, were not supported by the data upon which the experts based their opinions, and thus the affidavits lacked probative value in establishing defendant's entitlement to judgment as a matter of law (*see Costanzo v County of Chautauqua*, 110 AD3d 1473, 1473; *see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544).  Indeed, we conclude that defendant's own submissions raised questions of fact whether defendant was on notice of a dangerous condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We dismiss the appeal from the order in appeal No. 2.  Insofar as the order in appeal No. 2 denied that part of claimant's motion for leave to reargue, no appeal lies from the order (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984) and, insofar as the order in appeal No. 2 denied that part of the motion for leave to renew, the appeal is moot in view of our determination in appeal No. 1 (*see McCabe v CSX Transp., Inc.*, 27 AD3d 1150, 1151).

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court