# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**753**
**CA 14-00671**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

DETROY LIVINGSTON, CLAIMANT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 120912.)

---

DETROY LIVINGSTON, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Court of Claims (Michael E. Hudson, J.), entered September 18, 2013. The judgment dismissed the claim after a trial.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this negligence action, pro se, seeking damages for the value of property destroyed by a fire set inside his prison cell at Attica Correctional Facility. At trial, claimant testified that a particular correction officer set the fire or had someone do it for him, in retaliation for claimant having filed a grievance against him. The Court of Claims rendered a verdict in favor of defendant and dismissed the claim. We reject claimant's contention that the verdict is against the weight of the evidence.

"[T]he decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [internal quotation marks omitted], *rearg denied* 81 NY2d 835). Based on our review of the record, we conclude that the court's determination that claimant failed to prove that a correction officer or anyone else employed by defendant was involved in setting the fire in claimant's cell is supported by a fair interpretation of the evidence. As the court noted in its decision, claimant acknowledged at trial that he does not know who set the fire, and his allegations against the correction officer were based on mere speculation. Moreover, the court was entitled to credit the testimony of the correction officer at trial that he did not set the fire or have any involvement in the incident. Finally, we reject claimant's

further contention that he established defendant's negligence under 7 NYCRR 1700.7 (a).