# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**526**
**CA 16-01969**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

ANNIE MOSLEY, CLAIMANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 117444.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRENNA BOYCE, PLLC, ROCHESTER (WILLIAM P. SMITH, JR., OF COUNSEL), FOR CLAIMANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Renee Forgensi Minarik, J.), entered February 10, 2016. The interlocutory judgment apportioned liability 75% to defendant and 25% to claimant.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on ice and snow on a walkway leading to the entrance to the Orleans Correctional Facility during visiting hours at that facility. After a nonjury trial, the Court of Claims found defendant 75% liable for the accident. Defendant appeals, and we affirm.

"On appeal from a judgment entered after a nonjury trial, this Court has the power 'to set aside the trial court's findings if they are contrary to the weight of the evidence' and to render the judgment we deem warranted by the facts" (*Black v State of New York* [appeal No. 2], 125 AD3d 1523, 1524; *see Baba-Ali v State of New York*, 19 NY3d 627, 640; *Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170). We must give due deference, however, to the court's evaluation of the credibility of the witnesses and quality of the proof (*see Black*, 125 AD3d at 1524-1525), and review the record in the light most favorable to sustain the judgment (*see City of Syracuse Indus. Dev. Agency*, 20 AD3d at 170). "Moreover, '[o]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence' " (*Black*, 125 AD3d at 1525; *see City of Syracuse Indus. Dev. Agency*, 20 AD3d at 170).

"It is well established that '[a] landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Ferguson v Rochester City Sch. Dist.*, 99 AD3d 1184, 1185, quoting *Basso v Miller*, 40 NY2d 233, 241). Nevertheless, "[a]lthough a landowner owes a duty of care to keep his or her property in a reasonably safe condition, he 'will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter' " (*Sherman v New York State Thruway Auth.*, 27 NY3d 1019, 1020-1021, quoting *Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735; *see Hanifan v COR Dev. Co., LLC*, 144 AD3d 1569, 1569; *Gilbert v Tonawanda City Sch. Dist.*, 124 AD3d 1326, 1327). "A reasonable time is that period within which the [defendant] should have taken notice of the icy condition and, in the exercise of reasonable care, remedied it by clearing the sidewalk or otherwise eliminating the danger" (*Valentine v City of New York*, 86 AD2d 381, 383, *affd* 57 NY2d 932).

We conclude that a fair interpretation of the evidence supports the court's determination that defendant was 75% at fault for the accident. There is no dispute that the snow and ice-covered walkway constituted a dangerous condition, and we reject defendant's contention that the storm in progress doctrine absolves it of liability. There was no evidence that it was snowing at the time of or shortly before the accident. A watch commander log stated that it was snowing approximately two hours before the accident, but there is no evidence in the record of any snowfall after that time. The evidence further established that, although the sidewalk was cleared approximately two hours before the accident, there was snow and ice on the sidewalk at the time of the accident. Contrary to defendant's contention, that evidence does not establish that it continued snowing after the sidewalk was cleared inasmuch as it was just as likely that the wind blew snow from the adjacent field onto the sidewalk. Defendant failed to establish that the storm in progress doctrine should apply under those circumstances because it failed to establish that high winds accompanied the snowfall on the day of the accident (*cf. Gilbert*, 124 AD3d at 1327; *Powell v MLG Hillside Assoc.*, 290 AD2d 345, 345). Rather, the testimony established that wind would blow snow onto the sidewalk "[a]ll the time" and was in the nature of a recurring dangerous condition (*see Anderson v Great E. Mall, L.P.*, 74 AD3d 1760, 1761-1762; *see generally Frechette v State of New York*, 129 AD3d 1409, 1410-1412).

We reject defendant's further contention that its snow removal efforts on the morning of the accident were reasonable under the circumstances. The evidence established that the sidewalk was shoveled approximately two hours before the accident and again shortly after the accident, and there is a fair interpretation of the evidence that salt was not applied to the sidewalk until after the accident. Given that defendant had knowledge of the time that visiting hours at the facility were to begin that morning and that snow would often blow onto the sidewalk from the adjacent field, we conclude that its

"remedial efforts were plainly insufficient to render the walkway reasonably safe" (*Ferguson*, 99 AD3d at 1187).

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court