Warner v State of New York (2018 NY Slip Op 07589)





Warner v State of New York


2018 NY Slip Op 07589


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1104 CA 17-02002

[*1]RICHARD H. WARNER, INDIVIDUALLY, AND AS GUARDIAN OF MARY DOROTHY WARNER, AN INCAPACITATED PERSON, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 098768.) (APPEAL NO. 1.) 






THE COSGROVE LAW FIRM, BUFFALO (EDWARD C. COSGROVE OF COUNSEL), FOR CLAIMANT-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBURG OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Court of Claims (J. David Sampson, J.), entered March 15, 2017. The judgment dismissed the claim after a trial. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimant filed two separate claims, one seeking damages for personal injuries sustained by claimant's decedent, and a second seeking damages for her wrongful death (see Warner v State of New York, 125 AD3d 1324, 1325 [4th Dept 2015], lv denied 25 NY3d 906 [2015]). In appeal Nos. 1 and 2, claimant appeals from two judgments, entered after a nonjury trial on both claims, in which the Court of Claims dismissed the claims. We affirm in both appeals. Contrary to claimant's contention, the court applied the correct standard of "ordinary rules of negligence" and did not apply principles of qualified immunity (Brown v State of New York, 31 NY3d 514, 519 [2018]). We reject claimant's further contention that the court's determination is against the weight of the evidence (see generally Mosley v State of New York, 150 AD3d 1659, 1660 [4th Dept 2017]; Livingston v State of New York, 129 AD3d 1660, 1660 [4th Dept 2015], lv denied 26 NY3d 903 [2015]). The court determined that claimant failed to establish by a preponderance of the evidence that a dangerous condition existed; that even if a dangerous condition existed, the evidence did not establish that defendant had notice of it; and, in any event, that claimant failed to establish by a preponderance of the evidence that the dangerous condition was a proximate cause of the accident (see Brown, 31 NY3d at 519-520). We conclude that the court's determinations are based upon a fair interpretation of the evidence (see Mosley, 150 AD3d at 1661; Livingston, 129 AD3d at 1660).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court