Capizzi v Brown Chiari LLP (2021 NY Slip Op 02956)





Capizzi v Brown Chiari LLP


2021 NY Slip Op 02956


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1028 CA 19-01828

[*1]SAMUEL J. CAPIZZI, PLAINTIFF-RESPONDENT,
v
BROWN CHIARI LLP, JAMES E. BROWN AND DONALD P. CHIARI, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS BROWN CHIARI LLP AND DONALD P. CHIARI.
HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT JAMES E. BROWN. 
WEBSTER SZANYI LLP, BUFFALO (KEVIN A. SZANYI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 13, 2019. The judgment declared that plaintiff was an equity partner in defendant Brown Chiari LLP, when he resigned from it. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: After resigning from defendant law firm Brown Chiari LLP (firm or defendant firm), plaintiff attorney commenced this action seeking, among other things, a declaration that the firm was dissolved and money damages, including profits that he alleged had been wrongfully withheld from him. Defendants James E. Brown and Donald P. Chiari have maintained that they were the only partners in the firm and that plaintiff is not entitled to relief because he was not a partner.
This is not the first time the business relationship of plaintiff, Brown, and Chiari has been the subject of litigation. Those parties were previously defendants in an action brought by a fourth attorney upon that attorney's resignation from a prior incarnation of the law firm of "Brown Chiari" (prior firm). After a nonjury trial in the prior litigation, Supreme Court determined that all four attorneys were partners in the prior firm (Frascogna v Brown, Chiari, Capizzi & Frascogna, LLP, Sup Ct, Erie County, Dec. 22, 2006, Eugene M. Fahey, J., index No. 2004/8335), despite the testimony of plaintiff and Chiari that they did not consider themselves partners in the prior firm. Among the facts noted by the court were that each of the four attorneys received a percentage of the prior firm's income; the prior firm's tax returns identified each as a partner; each received a Schedule K-1 with a capital account; each personally guaranteed a line of credit; and banking resolutions were signed by each, giving them broad authority to transact on behalf of the prior firm. The court highlighted those facts as supporting the existence of a four-person partnership. Consequently, the prior firm was dissolved. Defendant firm was formed shortly thereafter.
After a nonjury trial in the instant matter, Supreme Court (Timothy J. Walker, A.J.) issued two judgments (denominated decisions and orders). The judgment on appeal in appeal No. 1 declared that plaintiff was an equity partner in defendant firm when he resigned from it. The judgment on appeal in appeal No. 2 declared that the firm had been dissolved upon plaintiff's resignation. We affirm in each appeal.
Our scope of review after a nonjury trial is as broad as that of the trial court (see Howard v Pooler, 184 AD3d 1160, 1163 [4th Dept 2020]; Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 170 [4th Dept 2005]), and we have "virtually plenary power to 'render the judgment [we] find[] warranted by the facts' " (Baba-Ali v State of New York, 19 NY3d 627, 640 [2012], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). In conducting our review, we weigh the evidence presented and award judgment as warranted by the record, giving due deference to the court's evaluation of the credibility of the witnesses and the quality of proof (see City of Syracuse Indus. Dev. Agency, 20 AD3d at 170; see also Mosley v State of New York, 150 AD3d 1659, 1660 [4th Dept 2017]).
We perceive no basis for disturbing the court's determination that plaintiff was a partner in the firm. "A partnership is an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10 [1]). Where, as here, there is no written partnership agreement in place, the provisions of the Partnership Law apply (see Congel v Malfitano, 31 NY3d 272, 287-288 [2018]). Although, under the Partnership Law, "the sharing of business profits constitutes prima facie evidence of the existence of a partnership . . . , it is not dispositive" (Fasolo v Scarafile, 120 AD3d 929, 931 [4th Dept 2014], lv dismissed 24 NY3d 992 [2014]; see
§ 11 [4]). Rather, we look to the parties' conduct, intent, and relationship to determine whether a partnership existed in fact (see Hammond v Smith, 151 AD3d 1896, 1897 [4th Dept 2017]). "The relevant factors are (1) the parties' intent, whether express or implied; (2) whether there was joint control and management of the business; (3) whether the parties shared both profits and losses; and (4) whether the parties combined their property, skill, or knowledge . . . No single factor is determinative; a court considers the parties' relationship as a whole" (id.).
With respect to the first factor of the analysis, the parties' intent to establish a three-person partnership is evident from the manner in which they structured defendant firm in the wake of the Frascogna decision. If Brown and Chiari—two highly experienced and capable attorneys—intended at that time to form a partnership that excluded plaintiff, they had the benefit of that decision to serve as a guide. Brown and Chiari could have executed a written partnership agreement detailing the terms of partnership, or they could have structured defendant firm differently from the prior firm by eliminating or substantially limiting the business practices that were identified by the Frascogna decision as indicia of partnership. They did neither. Indeed, the evidence presented at trial established that plaintiff's position in defendant firm was much the same as it had been in the prior firm. For example, plaintiff received 20% of profits from 2007 to 2013. The firm's 2007-2015 tax returns identified plaintiff, Brown, and Chiari as the firm's partners and indicated that none owned an interest of 50% or more. Plaintiff received a Schedule K-1 with a capital account every year, and he personally guaranteed the firm's line of credit. Further, plaintiff signed banking resolutions giving him authority to borrow money on the firm's behalf. In other words, the parties recreated pre-Frascogna conditions at their newly formed firm, and we conclude that the parties' conduct in doing so constitutes strong evidence of their intent to establish a three-person partnership that included plaintiff, thereby establishing the first factor.
Although that factor is not determinative (see Hammond, 151 AD3d at 1897), other factors are present. With respect to the third factor, the sharing of profits and losses is undisputed. With respect to the fourth factor, combined property, skill, and knowledge is inherent in any legal practice. Although joint control and management arguably is not present, that second factor was not present in Frascogna either. Considering the parties' relationship as a whole (see Hammond, 151 AD3d at 1897) and giving due deference to the trial court (see City of Syracuse Indus. Dev. Agency, 20 AD3d at 170), we conclude that the court properly determined that plaintiff was a partner in the firm.
In reaching that conclusion, we reject the contention of defendants that, based upon plaintiff's past sworn statements, plaintiff is judicially estopped from taking the position that he is a partner in the firm. "The doctrine of judicial estoppel provides that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position because [the party's] interests have changed" (Jones v Town of Carroll, 177 AD3d 1297, 1298 [4th Dept 2019] [internal quotation marks omitted]). Here, the elements of judicial estoppel are lacking. Although plaintiff previously took the position that he was not a partner in the prior firm, that position did not prevail (see id.; Grove v [*2]Cornell Univ., 151 AD3d 1813, 1817 [4th Dept 2017]). Even if it had prevailed, we conclude that plaintiff's position here is not contrary to his position in the Frascogna litigation. Plaintiff testified at trial that he changed his opinion of his ownership status around the time of the formation of defendant firm based upon his understanding of the Frascogna decision. In our view, plaintiff acted reasonably in doing so.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court