Tarsel v Trombino (2021 NY Slip Op 04419)





Tarsel v Trombino


2021 NY Slip Op 04419


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


37 CA 19-02309

[*1]MICHAEL J. TARSEL AND SUZANNE M. TARSEL, PLAINTIFFS-RESPONDENTS,
v
JAMES J. TROMBINO, DEFENDANT-APPELLANT. 






PULLANO & FARROW, ROCHESTER (LANGSTON D. MCFADDEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered December 10, 2019. The judgment, among other things, permanently enjoined defendant from interfering with plaintiffs' right to maintain and make repairs of their easement. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs have an easement over a private road and strip of land owned by defendant, which provides access to their driveway and property. The condition of the strip of land deteriorated over time, and plaintiffs approached defendant about paving the strip to improve vehicular access to their driveway. Defendant raised concerns that paving the strip would, inter alia, cause water to drain onto his property, and the parties were unable to reach an agreement. Despite the lack of an agreement, plaintiffs went ahead and had the strip paved anyway. In response, defendant had the new asphalt removed the day after it was installed.
Plaintiffs thereafter commenced this action seeking, inter alia, money damages and a permanent injunction restraining defendant from interfering with future maintenance and repair of the easement. Following a bench trial, Supreme Court, inter alia, determined that the paving of the easement was necessary to facilitate plaintiffs' use of the easement for its intended purposes and enjoined defendant from interfering with plaintiffs' right to repair and maintain the easement. Defendant appeals, and we affirm.
We reject defendant's contention that the verdict is against the weight of the evidence. "[T]he decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Livingston v State of New York, 129 AD3d 1660, 1660 [4th Dept 2015], lv denied 26 NY3d 903 [2015]). Based on our review of the record, we conclude that a fair interpretation of the evidence supports the court's determination that plaintiffs' right of ingress and egress over the easement to their driveway had been impaired, that plaintiffs had the right to reasonably repair the easement by paving the 200-square-foot portion of the easement area, that defendant interfered with plaintiffs' exercise of that right, and that paving the easement would not create any new or additional burdens on defendant's property (see Lopez v Adams, 69 AD3d 1162, 1163-1164 [3d Dept 2010]; Ickes v Buist, 68 AD3d 823, 824 [2d Dept 2009]; Bilello v Pacella, 223 AD2d 522, 522 [2d Dept 1996]; cf. Boice v Hirschbihl, 128 AD3d 1215, 1217-1218 [3d Dept 2015]). In our view, the court struck the proper balance between plaintiffs' need to remediate the easement and the burden that such remediation would impose on defendant (see Lopez, 69 AD3d at 1164; see generally Tarsel v Trombino, 167 AD3d 1462, 1463 [4th Dept [*2]2018]).
We also reject defendant's contention that the court accorded too much weight to the testimony of plaintiffs' expert. The court's assessment of conflicting expert testimony at trial is entitled to deference and will not be disturbed where, as here, it is supported by the record (see Matter of State of New York v Connor, 134 AD3d 1577, 1577-1578 [4th Dept 2015], lv denied 27 NY3d 903 [2016]; Kirkpatrick v Timber Log Homes, 190 AD2d 1072, 1072 [4th Dept 1993]; see generally Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 847 [2d Dept 2016]).
Defendant contends that the court abused its discretion to the extent that it precluded his expert from observing the trial testimony of plaintiffs' expert. We reject that contention inasmuch as defendant was provided with pretrial disclosure of that expert's calculations and did not otherwise demonstrate how he was prejudiced by the court's ruling (see generally People v Todd, 306 AD2d 504, 504 [2d Dept 2003], lv denied 1 NY3d 581 [2003]; People v Leggett, 55 AD2d 990, 991 [3d Dept 1977]; Jerome Prince, Richardson on Evidence § 6-203 [Farrell 11th ed 1995]).
Contrary to defendant's further contention, the comments and conduct of the court during trial, while at times invasive, did not demonstrate that the court was biased against defendant (see Carlson v Porter [appeal No. 2], 53 AD3d 1129, 1132 [4th Dept 2008], lv denied 11 NY3d 708 [2008]). Recognizing that "[t]he trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (id. [internal quotation marks omitted]; see Messinger v Mount Sinai Med. Ctr., 15 AD3d 189, 189 [1st Dept 2005], lv dismissed 5 NY3d 820 [2005]; Campbell v Rogers & Wells, 218 AD2d 576, 579 [1st Dept 1995]), we conclude that the court did not abuse its discretion in directing a witness to answer questions or in expediting and clarifying the testimony of defendant's expert engineer (see Rivera v Time Warner Cable of N.Y. City, 228 AD2d 661, 661 [2d Dept 1996]). We nonetheless take this opportunity to remind the court that it must strictly avoid taking on "either the function or appearance of an advocate at trial" (People v Arnold, 98 NY2d 63, 67 [2002]; see Matter of Wright v Perry, 169 AD3d 910, 913 [2d Dept 2019], lv denied 33 NY3d 906 [2019]).
To the extent defendant contends that he was prejudiced by the court's alleged ex parte communication with one of the plaintiffs during a recess, we conclude that his challenge is unpreserved (see Matter of Diaz v Kleinknecht Elec., 123 AD3d 1304, 1306 [3d Dept 2014]; see generally 22 NYCRR 100.3 [b] [6]). In any event, because the alleged ex parte communication related to neither the substance of that plaintiff's testimony nor the court's determination, we conclude that defendant suffered no prejudice as a result of the court's action (see Matter of Tamika B. v Pamela C., 187 AD3d 1332, 1334 [3d Dept 2020]).
Finally, defendant's contention that the court erred in staying its determination of plaintiffs' request for attorneys' fees and punitive damages is not properly before us because it is not part of the judgment on appeal (see generally CPLR 5515 [1]; Matter of National Fuel Gas Distrib. Corp. v City of Jamestown, 108 AD3d 1045, 1046 [4th Dept 2013]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court