# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**118**
**CA 12-01245**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

MICHAEL CONNELLY,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                            MEMORANDUM AND ORDER

CITY OF SYRACUSE, SYRACUSE POLICE
DEPARTMENT AND JOEL S. CORDONE,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (THOMAS J. FUCILLO OF
COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

MARY ANNE DOHERTY, CORPORATION COUNSEL, SYRACUSE (ANN MAGNARELLI
ALEXANDER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 28, 2011 in a personal injury action. The order denied in part plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the bicycle he was riding collided at an intersection with a police vehicle operated by defendant Joel S. Cordone, a sergeant in defendant Syracuse Police Department (hereafter, defendant officer). Plaintiff thereafter moved for partial summary judgment on liability, i.e., negligence and serious injury, and apportionment of fault, and defendants cross-moved for summary judgment dismissing the complaint on the ground that they are afforded qualified immunity by Vehicle and Traffic Law § 1104 (e). Upon stipulation of defendants, Supreme Court granted that part of plaintiff's motion seeking summary judgment on the issue of serious injury, but otherwise denied the motion. The court also denied defendants' cross motion, concluding that, although the "reckless disregard" standard required for the imposition of liability under section 1104 (e) applied, there were issues of fact whether defendant officer acted with reckless disregard for the safety of others. Plaintiff appeals, and defendants cross-appeal. We affirm.

At the time of the collision, defendant officer was pursuing two motorcyclists who had committed traffic violations in his presence and

was therefore operating an authorized emergency vehicle while involved in an emergency operation (*see* Vehicle and Traffic Law §§ 101, 114-b; *Sierk v Frazon*, 32 AD3d 1153, 1155). Thus, we conclude that the standard of liability pursuant to Vehicle and Traffic Law § 1104 (e), i.e., reckless disregard for the safety of others, applies to his conduct rather than that of negligence (*see Sierk*, 32 AD3d at 1155; *see generally Criscione v City of New York*, 97 NY2d 152, 157-158; *Hughes v Chiera*, 4 AD3d 872, 873). We further conclude, however, that there is an issue of fact whether defendant officer acted with reckless disregard for the safety of others by entering a limited-visibility intersection controlled by a four-way stop sign shortly before midnight without slowing, stopping, or activating his emergency lights or sirens (*see Krulik v County of Suffolk*, 62 AD3d 669, 670; *Britt v Bustamante*, 55 AD3d 858, 859; *Ham v City of Syracuse*, 37 AD3d 1050, 1052, *lv dismissed* 8 NY3d 976).

Entered:  February 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court