SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**290**
**CA 14-00757**
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

MARK JANCZYLIK, CLAIMANT-APPELLANT,

V                                                         MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 114527.)

---

GERARD A. STRAUSS, NORTH COLLINS, FOR CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Court of Claims (Glen T. Bruening, J.), entered July 24, 2013. The judgment dismissed the claim after a trial on liability.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, an inmate at a correctional facility, commenced this action seeking damages for injuries he sustained when he slipped and fell while working in the mess hall. We reject claimant's contention that the determination of the Court of Claims dismissing the claim following a bifurcated trial on liability is against the weight of the evidence (*see generally Farace v State of New York*, 266 AD2d 870, 870). "While it is well settled that this Court has the authority to independently consider the weight of the evidence on an appeal in a nonjury case, deference is still afforded to the findings of the Court of Claims where, as here, they are based largely on credibility determinations" (*Ring v State of New York*, 8 AD3d 1057, 1057, *lv denied* 3 NY3d 608 [internal quotation marks omitted]). Claimant's testimony concerning the condition of the floor in the dishwashing area of the mess hall where he fell varied from "getting a little wet," "just wet" and "getting wet substantially for that early in the shift" upon his initial trip into that area. He also denied that water had accumulated on the floor at that point. Given that inconsistent testimony, and claimant's further testimony that he told a specific correction officer of the "very, very wet" condition of the floor after his first trip and prior to his second trip into the "slop sink room" approximately 15 minutes later, when he fell in an accumulation of water one-eighth to one-quarter of an inch deep, we conclude that claimant failed to meet his burden of establishing the existence of a hazardous condition inasmuch as " '[t]he presence of a normal amount of water would not establish a

want of reasonable care' " (*Seaman v State of New York*, 45 AD3d 1126, 1127).