# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1014**
**CA 16-00226**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

JOHN M. LACEY, PLAINTIFF-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

CITY OF SYRACUSE, CITY OF SYRACUSE POLICE
DEPARTMENT AND EDWARD S. BOLES,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

SIDNEY P. COMINSKY, LLC, SYRACUSE (SIDNEY P. COMINSKY OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

ROBERT P. STAMEY, CORPORATION COUNSEL, SYRACUSE (JOSEPH R. H. DOYLE OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

-----------------------------------------------------------------------

Appeal and cross appeal from an amended order of the Supreme
Court, Onondaga County (Hugh A. Gilbert, J.), entered July 22, 2015.
The amended order denied the motion of defendants and the cross motion
of plaintiff for summary judgment and ordered a bifurcated trial.

It is hereby ORDERED that the amended order so appealed from is
unanimously modified on the law by granting defendants' motion and
dismissing the complaint and by vacating the second and third ordering
paragraphs and as modified the amended order is affirmed without
costs.

Memorandum: Plaintiff commenced this action seeking to recover
damages for injuries he allegedly sustained when the bicycle he was
riding collided with a police vehicle driven by defendant Edward S.
Boles (defendant officer). Shortly before the collision, defendant
officer observed a motorist commit a traffic violation and followed
the motorist with the intention of giving the driver a verbal warning.
The motorist brought the vehicle to a stop at a red light and, after
defendant officer stopped his vehicle behind the motorist, he
intermittently moved the vehicle forward into the intersection in an
attempt to get the attention of the driver and to speak with her about
what he had observed. Plaintiff entered the intersection on his
bicycle with the green light and collided with the police vehicle.
According to defendant officer, the police vehicle was stopped at the
time of the collision. According to plaintiff, defendant officer was
moving the police vehicle into plaintiff's path of travel at the time
of the collision.

Defendants moved for, inter alia, summary judgment dismissing the
complaint on the ground that defendant officer's conduct was measured

by the "reckless disregard" standard under Vehicle and Traffic Law § 1104 and that his operation of the police vehicle was not reckless as a matter of law.  Plaintiff cross-moved for summary judgment. Supreme Court determined, inter alia, that there were questions of fact that precluded summary judgment for either party, and the court granted the alternative request for bifurcation in defendants' motion. We modify the amended order by granting defendants' motion and dismissing the complaint, and by vacating the ordering paragraphs concerning bifurcation.

Initially, we note that there is no dispute that defendant officer was operating an "authorized emergency vehicle" (Vehicle and Traffic Law § 101).  We reject plaintiff's contention that, in determining whether defendant officer's operation of the police vehicle qualifies as an "emergency operation" within the meaning of Vehicle and Traffic Law § 114-b, we should adopt the definition of "pursuit" contained in the operations manual of defendant City of Syracuse Police Department (*see Criscione v City of New York*, 97 NY2d 152, 157-158).  Likewise, it is irrelevant whether defendant officer believed he was involved in an emergency operation (*see id*. at 158). Contrary to plaintiff's further contentions, we conclude that defendant officer's actions constituted an "emergency operation" as contemplated by Vehicle and Traffic Law § 114-b (*see Connelly v City of Syracuse*, 103 AD3d 1242, 1242); the applicable standard of liability is reckless disregard for the safety of others rather than ordinary negligence (*see* § 1104 [e]; *Criscione*, 97 NY2d at 154); and defendants established as a matter of law that defendant officer's conduct did not constitute the type of recklessness necessary for liability to attach (*see Szczerbiak v Pilat*, 90 NY2d 553, 556-557). Plaintiff failed to raise a triable issue of fact to defeat defendants' entitlement to summary judgment dismissing the complaint (*see Nikolov v Town of Cheektowaga*, 96 AD3d 1372, 1373; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In light of our determination, we do not reach the parties' remaining contentions.

Entered:  November 18, 2016                     Frances E. Cafarell
                                                 Clerk of the Court