# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1081**

**CA 15-02090**

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

JEFFREY RICE, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, BUFFALO FIRE DEPARTMENT,
TIMOTHY M. FITZPATRICK, JR.,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.
(ACTION NO. 1.)
------------------------------------------
JAMES FELIX OLIVER, PLAINTIFF-APPELLANT,

V

CITY OF BUFFALO, DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.
(ACTION NO. 2.)

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT JEFFREY RICE.

ROLAND M. CERCONE, PLLC, BUFFALO (ROLAND M. CERCONE OF COUNSEL), FOR
PLAINTIFF-APPELLANT JAMES FELIX OLIVER.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeals from an order of the Supreme Court, Erie County (John M. Curran, J.), entered March 4, 2015. The order, insofar as appealed from, denied the cross motions of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action, plaintiffs appeal from an order that, inter alia, denied their respective cross motions for partial summary judgment on the issue of liability. We affirm.

During the afternoon of February 12, 2010, plaintiffs were passengers in a vehicle that was proceeding through a green light at the intersection of Washington Street and Chippewa Street in Buffalo, when their vehicle was struck by a vehicle of defendant Buffalo Fire Department (BFD), which was responding to a call regarding a

suspicious package that possibly contained an explosive device.  Rice thereafter commenced an action against defendant City of Buffalo (City), the BFD, and defendant Thomas M. Fitzpatrick, Jr., incorrectly sued herein as Timothy M. Fitzpatrick, Jr., the fireman who had been operating the BFD vehicle (collectively, defendants), among others, seeking damages for injuries he allegedly sustained as a result of the collision.  Oliver commenced a separate action against the City, among others, and Oliver's action was subsequently consolidated with Rice's action.

Defendants answered the complaints and thereafter moved for summary judgment dismissing them, contending that the correct standard to determine their potential liability was not ordinary negligence, but reckless disregard for the safety of others, and that their conduct had not risen to the level of reckless disregard as a matter of law.  Plaintiffs cross-moved for partial summary judgment on the issue of liability, contending that the ordinary negligence standard applied, and that defendants had violated that standard as a matter of law.  In support of their cross motions, plaintiffs submitted the deposition transcript of Fitzpatrick, who testified that he "had lights and sirens on" some of the time, but "would turn the siren on and off" as he "was trying to communicate with the alarm office." Fitzpatrick further testified:  "As I approached that intersection with Washington . . . I was turning on and off the siren, [and] as I got to that intersection just before I went in I turned the siren on." The court denied "all motions [and cross motions] on the issues of reckless disregard and ordinary negligence."

The proponent on a summary judgment motion bears the initial burden of establishing entitlement to judgment as a matter of law by submitting evidence sufficient to eliminate any material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  We conclude that plaintiffs failed to meet that burden.  Although the driver of an emergency vehicle involved in an emergency operation may be privileged to proceed through a steady red traffic signal (*see* Vehicle and Traffic Law §§ 101, 1104 [a], [b] [2]), the injured plaintiff may demonstrate that the driver was unprivileged if he or she "did not, as required by statute, give an audible warning as [the emergency vehicle] approached and entered the intersection against a red signal" (*Abood v Hosp. Ambulance Serv.*, 30 NY2d 295, 300).  If unprivileged, an ordinary negligence standard, rather than a reckless disregard standard, applies (*see generally* § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501).  Here, plaintiffs' evidentiary submissions raise issues of fact whether Fitzpatrick sounded his siren "loud enough to be heard and . . . soon enough to be acted upon" (*Abood*, 30 NY2d at 299).  We therefore conclude that the court properly denied plaintiffs' cross motions insofar as they sought to apply an ordinary negligence standard (*see generally Campbell v City of Elmira*, 84 NY2d 505, 508).

Contrary to Oliver's further contention, we conclude that Fitzpatrick was engaged in an "[e]mergency operation" inasmuch as the undisputed evidence demonstrated that he was responding to a call regarding a possible explosive device (Vehicle and Traffic Law § 114-

b).  In addition, the speed at which the emergency vehicle proceeded into the intersection does not render Fitzpatrick's conduct unprivileged as a matter of law, but rather presents an issue of fact whether he acted with reckless disregard for the safety of others (*see Connelly v City of Syracuse*, 103 AD3d 1242, 1242-1243; *see also* PJI 2:79A).

Finally, the contention raised by Oliver for the first time on appeal that he is entitled to partial summary judgment on the issue of liability on the ground that Fitzpatrick acted with reckless disregard for the safety of others as a matter of law is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court