■ JESSICA M. PERKINS et al., Respondents, v CITY OF BUFFALO et al., Appellants. [57 NYS3d 866]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered September 23, 2016. The order, insofar as appealed from, denied the cross motion of defendants for summary judgment and granted in part the motion of plaintiffs for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying plaintiffs' motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jessica M. Perkins (plaintiff) when her vehicle collided with a police vehicle operated by defendant Robert L. Danner, III, a police officer employed by defendant City of Buffalo. At the time of the accident, Danner was responding to an emergency call without his emergency lights or siren activated, and he ran a red light at an intersection. As plaintiff entered the intersection with a green light, her vehicle struck the rear end of Danner's vehicle.

Plaintiffs moved for summary judgment on the issues of, inter alia, negligence and proximate cause, and defendants cross-moved for summary judgment dismissing the complaint because, among other things, Danner did not act with reckless disregard for the safety of others. Supreme Court determined

that ordinary negligence principles were applicable to this case, granted those parts of plaintiffs' motion seeking summary judgment on the issues of negligence and proximate cause, and denied defendants' cross motion.

We agree with defendants that the court should have applied the reckless disregard standard of care to the facts of this case. At the time of the collision, Danner was operating an authorized emergency vehicle while involved in an emergency operation (*see* Vehicle and Traffic Law §§ 101, 1104 [a]), and his police vehicle was exempt from the requirement that emergency lights or siren be activated (*see* § 1104 [c]). Thus, the court erred in failing to apply "a reckless disregard standard of care 'for determining . . . civil liability for damages resulting from the privileged operation of an emergency vehicle'" (*Kabir v County of Monroe*, 16 NY3d 217, 230 [2011]; *see* § 1104 [e]). Contrary to plaintiffs' contention, the evidence establishing that Danner did not slow down prior to entering the intersection does not render Danner's conduct "unprivileged as a matter of law, but rather presents an issue of fact whether he acted with reckless disregard for the safety of others" (*Rice v City of Buffalo*, 145 AD3d 1503, 1505 [2016]; *see Connelly v City of Syracuse*, 103 AD3d 1242, 1242-1243 [2013]). We therefore conclude that the court erred in granting plaintiffs' motion in part inasmuch as it erroneously applied an ordinary negligence standard (*see generally Campbell v City of Elmira*, 84 NY2d 505, 507-508 [1994]), and we modify the order accordingly.

Contrary to defendants' further contention, however, the court properly denied their cross motion. Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiffs raised a triable issue of fact whether Danner acted with reckless disregard for the safety of others by " 'intentionally [performing an] act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and [doing] so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *see generally Rice*, 145 AD3d at 1505).

In light of our determination, we need not reach defendants' remaining contention. Present—Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.