Oddo v City of Buffalo (2018 NY Slip Op 02041)





Oddo v City of Buffalo


2018 NY Slip Op 02041


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


104 CA 17-01368

[*1]HEATHER R. ODDO AND CHRISTOPHER ODDO, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT AND JAMES DUFFY, DEFENDANTS-APPELLANTS-RESPONDENTS. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
R. THOMAS BURGASSER, PLLC, NORTH TONAWANDA (R. THOMAS BURGASSER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.


 Appeal and cross appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered October 28, 2016. The order denied defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for, inter alia, injuries sustained by Heather R. Oddo (plaintiff) when the vehicle she was driving collided at an intersection with a police vehicle operated by defendant James Duffy, a police officer employed by defendant City of Buffalo Police Department (hereafter, defendant officer), while he was responding to a police call. Defendants thereafter moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on the issue of liability. Supreme Court denied the motion and cross motion, determining that the applicable standard of care is reckless disregard for the safety of others as set forth in Vehicle and Traffic Law § 1104 (e), and that there are triable issues of fact precluding summary judgment to either plaintiffs or defendants, including the issues whether plaintiff failed to yield the right-of-way and whether defendant officer slowed down before proceeding into the intersection. We affirm the order, but our reasoning differs from that of the court.
It is well settled that "[t]he proponent on a summary judgment motion bears the initial burden of establishing entitlement to judgment as a matter of law by submitting evidence sufficient to eliminate any material issues of fact" (Rice v City of Buffalo, 145 AD3d 1503, 1504-1505 [4th Dept 2016]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We conclude that defendants failed to meet that burden on their motion. "[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)," and "[a]ny other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220 [2011]). Here, the evidence submitted by defendants established that defendant officer was responding to the scene of an accident with an injury as reported in a police call and was therefore operating an authorized emergency vehicle while involved in an emergency operation (see §§ 101, 114-b; Criscione v City of New York, 97 NY2d 152, 157-158 [2001]; Williams v Fassinger, 119 AD3d 1368, 1368-1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]). Contrary to plaintiffs' contention, [*2]defendant officer's deposition testimony that the police call was a "priority call," but not a "priority one call"—an apparent reference to the police department's response classifications—is irrelevant inasmuch as the statute does not evince any "legislative intent to vary the definition of emergency operation' based on individual police department incident classifications" (Criscione, 97 NY2d at 157).
The evidence submitted on defendants' motion further established that the only specific exempt conduct in which defendant officer potentially engaged was proceeding past a steady red signal (see Vehicle and Traffic Law § 1104 [b] [2]). Defendants' own submissions, however, raised a material issue of fact with respect to the color of the traffic lights facing both plaintiff and defendant officer at the intersection. Plaintiff testified at her deposition that she had a green light as she approached the intersection traveling westbound, and that account was further supported by the sworn statements of one of plaintiff's passengers and a witness who was stopped at a red light as defendant officer was coming toward her from the opposite direction across the intersection. Conversely, defendant officer unequivocally testified at his deposition that he looked up as he approached the intersection and saw a green light controlling the southbound direction in which he was traveling.
We reject defendants' contention that the color of the traffic light is not a material issue of fact precluding summary judgment. If the factfinder determines that defendant officer was engaged in the exempt conduct of proceeding past a steady red signal (see Vehicle and Traffic Law § 1104 [b] [2]), then the reckless disregard standard of care would apply under the circumstances presented herein (see § 1104 [e]). If, however, the factfinder credits defendant officer's account that he was proceeding through a green light, then the alleged injury-causing conduct by defendant officer would be governed by principles of ordinary negligence (see Kabir, 16 NY3d at 220). Inasmuch as the resolution of that factual issue will determine the standard of care by which the factfinder must evaluate defendant officer's conduct (see Rice, 145 AD3d at 1505; see generally PJI 2:79A; NY PJI 2:79A, Comment, Caveat 1), we conclude that the court erred in determining on the submissions before it that the reckless disregard standard applies as a matter of law. Furthermore, the determination of the color of the traffic light at the time of the collision, and each driver's compliance with the standard of care that will apply upon resolution of that material factual issue, depends on the memory and credibility of witnesses (see Lindgren v New York City Hous. Auth., 269 AD2d 299, 303 [1st Dept 2000]). Inasmuch as a court's role in deciding a motion for summary judgment is " issue-finding, rather than issue-determination' " (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]), we reject defendants' contention that they are entitled to summary judgment at this juncture (see Lindgren, 269 AD2d at 303).
Contrary to plaintiffs' contentions on their cross appeal, the above-mentioned material issue of fact precludes granting their cross motion. We also note that, contrary to plaintiffs' contention, "the evidence establishing that [defendant officer] did not slow down prior to entering the intersection does not render [defendant officer's] conduct unprivileged as a matter of law, but rather presents an issue of fact whether he acted with reckless disregard for the safety of others' " in the event that such standard of care applies in this case (Perkins v City of Buffalo, 151 AD3d 1941, 1942 [4th Dept 2017]; see Rice, 145 AD3d at 1505; Connelly v City of Syracuse, 103 AD3d 1242, 1242-1243 [2013]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court