Coston v City of Buffalo (2018 NY Slip Op 04136)





Coston v City of Buffalo


2018 NY Slip Op 04136


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


422 CA 17-01231

[*1]DENZEL COSTON, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT AND ADAM M. WIGDORSKI, DEFENDANTS-APPELLANTS. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered April 17, 2017. The order denied defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was operating collided with a police vehicle operated by defendant Adam M. Wigdorski, a police officer employed by defendant City of Buffalo. Defendants moved for summary judgment dismissing the complaint on various grounds and, in denying the motion, Supreme Court determined, inter alia, that there is an issue of fact whether the reckless disregard standard of care as opposed to ordinary negligence is applicable to this case. As limited by their brief on appeal, defendants contend that the court should have granted their motion on the ground that Wigdorski did not act with reckless disregard for the safety of others.
Initially, we agree with defendants that the reckless disregard standard of care is applicable to this case and thus that the court erred in finding that there was an issue of fact with respect to the applicable standard of care. At the time of the accident, Wigdorski was responding to a dispatch call in an authorized emergency vehicle. We agree with defendants that Wigdorski was involved in an emergency operation and that his vehicle therefore was exempt from the requirement that the vehicle's emergency lights or siren must be activated (see Perkins v City of Buffalo, 151 AD3d 1941, 1942 [4th Dept 2017]). We also agree with defendants that any evidence that Wigdorski did not slow down prior to running a stop sign and colliding with plaintiff's vehicle does not render Wigdorski's conduct
" unprivileged as a matter of law' " (id.; cf. LoGrasso v City of Tonawanda, 87 AD3d 1390, 1391 [4th Dept 2011]). Thus, we conclude that the standard of care pursuant to Vehicle and Traffic Law § 1104 (e), i.e., reckless disregard for the safety of others, applies to Wigdorski's conduct rather than that of ordinary negligence (see Connelly v City of Syracuse, 103 AD3d 1242, 1242 [4th Dept 2013]).
Contrary to defendants' further contention, however, the court properly denied the motion inasmuch as there are triable issues of fact whether Wigdorski acted with reckless disregard for the safety of others by "intentionally [performing an] act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and [doing] so with conscious indifference to the outcome" (Perkins, 151 AD3d at 1942 [internal quotation marks omitted]). Specifically, there are conflicting versions of the accident, including whether Wigdorski slowed his vehicle before passing through the stop sign [*2](see Rice v City of Buffalo, 145 AD3d 1503, 1505 [4th Dept 2016]; Connelly, 103 AD3d at 1242-1243).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court