Bobik v State of New York (2019 NY Slip Op 03515)





Bobik v State of New York


2019 NY Slip Op 03515


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


560 CA 18-01710

[*1]JOHN BOBIK, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 127961.) 






FRANZBLAU DRATCH, P.C., NEW YORK CITY (BRIAN M. DRATCH OF COUNSEL), FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Court of Claims (J. David Sampson, J.), entered January 23, 2018. The judgment dismissed the claim after a trial. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimant, an inmate at a correctional facility, commenced this action seeking damages for injuries he allegedly sustained when he slipped and fell while mowing the facility's lawn. We reject claimant's contention that the determination of the Court of Claims dismissing the claim following trial is against the weight of the evidence.
"While it is well settled that this Court has the authority to independently consider the weight of the evidence on an appeal in a nonjury case, deference is still afforded to the findings of the [court] where, as here, they are based largely on credibility determinations" (Payne v State of New York, 144 AD3d 1490, 1491 [4th Dept 2016] [internal quotation marks omitted]; see Janczylik v State of New York, 126 AD3d 1485, 1485 [4th Dept 2015]). Here, we conclude that a fair interpretation of the evidence supports the court's determination that claimant failed to establish by a preponderance of the evidence, inter alia, that the conditions present on the day of the accident were unsafe or that the correction officer ordered claimant to mow the section of hill where he allegedly slipped (see Mosley v State of New York, 150 AD3d 1659, 1660 [4th Dept 2017]). The court reasonably credited the testimony of the correction officer supervising claimant at the time of the accident that the grass was not wet and that claimant did not appear to be wet after the accident, undermining claimant's allegations that he slipped on wet grass and fell to the wet ground. In addition, claimant failed to present evidence that the correction officer specifically directed him to mow the patch of grass on the hill where he slipped.
We reject claimant's request to take judicial notice of proof he failed to present at trial (see Matter of Carano, 96 AD3d 1556, 1556 [4th Dept 2012]; Sanders v Tim Hortons, 57 AD3d 1419, 1420 [4th Dept 2008]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court