Destino v State of New York (2022 NY Slip Op 01693)





Destino v State of New York


2022 NY Slip Op 01693


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


952 CA 21-00004

[*1]FRANCIS DESTINO, CLAIMANT-RESPONDENT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT-RESPONDENT. (CLAIM NO. 119498.) 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment of the Court of Claims (J. David Sampson, J.), entered June 10, 2020. The judgment awarded claimant money damages. 
It is hereby ORDERED that the judgment so appealed from is affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries he sustained when the vehicle he was operating collided with a New York State Police (NYSP) vehicle responding to an emergency. Following a bifurcated trial on liability, the Court of Claims determined that defendant, State of New York (State), was 75 percent liable and claimant was 25 percent liable for the accident. Ultimately, a judgment was entered awarding claimant damages, as reduced by his percentage of liability. The State appeals and claimant cross-appeals. Both parties contend that the court's liability determination is not supported by a fair interpretation of the evidence. We affirm.
The undisputed testimony at trial established that an NYSP trooper, while responding to a call regarding a domestic violence incident with firearms present, proceeded into an intersection against a traffic control device at a time when there was "[v]ery dense fog" that created "almost . . . white-out condition[s]" with little visibility. Claimant's vehicle, which was proceeding with the right-of-way, struck the trooper's vehicle.
Addressing first the State's appeal, we agree with the State that the applicable standard of liability with respect to the trooper is reckless disregard for the safety of others, as opposed to ordinary negligence (see Vehicle and Traffic Law § 1104 [e]), inasmuch as the trooper was operating an authorized emergency vehicle while involved in an emergency operation and engaged in privileged conduct (see
§§ 101, 1104 [a], [b]; Kabir v County of Monroe, 16 NY3d 217, 220 [2011]; Perkins v City of Buffalo, 151 AD3d 1941, 1942 [4th Dept 2017]), and his police vehicle was not required to have its emergency lights or siren activated (see § 1104 [c]; Perkins, 151 AD3d at 1942).
Viewing the evidence in this nonjury trial in the light most favorable to claimant, the prevailing party (see Yerdon v County of Oswego, 43 AD3d 1437, 1438 [4th Dept 2007]), and deferring to the court's credibility determinations (see Williams v State of New York, 187 AD3d 1522, 1522 [4th Dept 2020], lv denied 36 NY3d 909 [2021]; Phearsdorf v State of New York, 175 AD3d 1819, 1820 [4th Dept 2019]), we conclude that the evidence at trial established that the trooper passed a stop sign and entered an intersection at a high rate of speed and directly into oncoming traffic without a siren or horn in a situation where there was "almost no visibility" due to "extreme" and "[v]ery dense" fog. Contrary to the State's contention, such circumstances support a determination that the trooper acted with reckless disregard for the safety of others (see e.g. Coston v City of Buffalo, 162 AD3d 1492, 1493 [4th Dept 2018]; Ruiz v Cope, 119 AD3d [*2]1333, 1334 [4th Dept 2014]; Connelly v City of Syracuse, 103 AD3d 1242, 1242-1243 [4th Dept 2013]; cf. Levere v City of Syracuse, 173 AD3d 1702, 1704 [4th Dept 2019]; Williams v Fassinger, 119 AD3d 1368, 1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]; Nikolov v Town of Cheektowaga, 96 AD3d 1372, 1373-1374 [4th Dept 2012]).
Contrary to claimant's contention on his cross appeal, the court's determination that claimant was negligent and its apportionment of some liability to claimant are supported by a fair interpretation of the evidence (see Ruiz, 119 AD3d at 1334; Yerdon, 43 AD3d at 1438).
All concur except Carni, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court