Buchmann v State of New York (2023 NY Slip Op 01454)

Buchmann v State of New York

2023 NY Slip Op 01454

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1052 CA 21-01815

[*1]MARY BUCHMANN AND JOSEPH BUCHMANN, CLAIMANTS-APPELLANTS,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 131744.) 

DEFRANCISCO & FALGIATANO LAW FIRM, EAST SYRACUSE (JEFF D. DEFRANCISCO OF COUNSEL), FOR CLAIMANTS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SEAN P. MIX OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Court of Claims (Catherine E. Leahy-Scott, J.), entered October 1, 2021. The judgment dismissed the claim. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimants commenced this action seeking damages for injuries that Mary Buchmann (claimant) sustained as a result of negligence or medical malpractice allegedly committed by defendant's employees during a medical procedure. The Court of Claims concluded, following a bifurcated trial on liability, that defendant is not liable for the injuries. We now affirm.
Claimants contend that they are entitled to a new trial because the trial judge should have recused herself to avoid the appearance of impropriety, inasmuch as she was being represented in unrelated litigation by the Attorney General's Office, which was also representing defendant in this action. Although claimants correctly concede that they waived any potential conflict (see People v Huebsch, 199 AD3d 1174, 1176 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]; People v Brooks, 128 AD3d 1467, 1467-1468 [4th Dept 2015]), they contend that the waiver was under duress because the court did not inform them of the potential conflict until moments before the trial was set to begin. Even assuming, arguendo, that the waiver was not valid and we can reach the merits of the issue, we conclude that the judge did not abuse her discretion in declining to recuse herself (see Matter of Khan v Dolly, 39 AD3d 649, 650-651 [2d Dept 2007]; see generally People v Moreno, 70 NY2d 403, 405-406 [1987]). Indeed,
" '[a] judge has an obligation not to recuse himself or herself . . . unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance' " (Tripi v Alabiso, 189 AD3d 2060, 2062 [4th Dept 2020]; see Matter of Wilson v Brown, 162 AD3d 1054, 1056 [2d Dept 2018]; Matter of Hunter v Brown-Ledbetter, 160 AD3d 955, 957 [2d Dept 2018]) and, here, the court concluded that it could "objectively render a fair and impartial decision."
Claimants further contend that they are entitled to a new trial because the court's conclusion following the trial on liability could not have been reached under any fair interpretation of the evidence. We reject that contention. Although our authority in reviewing a verdict in a nonjury trial is as broad as that of the trial court and we have the power to render the judgment we find warranted by the facts (see McDevitt v State of New York, 197 AD3d 852, 853 [4th Dept 2021]), we view the evidence in the light most favorable to the prevailing party and defer to the court's credibility determinations (see Destino v State of New York, 203 AD3d 1598, 1599 [4th Dept 2022]; Williams v State of New York, 187 AD3d 1522, 1522 [4th Dept 2020], lv denied 36 NY3d 909 [2021]; Bobik v State of New York, 172 AD3d 1924, 1925 [4th Dept 2019]). [*2]Where, as here, we are reviewing the evidence from a nonjury trial, "the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Reames v State of New York, 191 AD3d 1304, 1305 [4th Dept 2021], affd 37 NY3d 1152 [2022] [internal quotation marks omitted]; see Williams, 187 AD3d at 1522).
Upon our review of the evidence, we conclude that the court's conclusion, which was largely based on credibility determinations, is supported by a fair interpretation of the evidence. The main issue at trial was whether defendant's employees adequately sterilized an IV site on claimant's right hand before the medical procedure. Claimants testified that they did not; defendant's employees testified that they did. Claimants' expert testified that the injuries were caused by a lack of sterilization, but defendant's expert testified that defendant's employees met the standard of care with respect to sterilization of the IV site. We defer to the court's credibility determinations (see generally Destino, 203 AD3d at 1599; Bobik, 172 AD3d at 1925).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court