Morgan v City of Utica (2025 NY Slip Op 02443)

Morgan v City of Utica

2025 NY Slip Op 02443

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

108 CA 24-00237

[*1]PETER R. MORGAN, PLAINTIFF-RESPONDENT,
v
CITY OF UTICA, DEFENDANT-APPELLANT. 

WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (ZACHARY C. OREN OF COUNSEL), FOR DEFENDANT-APPELLANT.

 Appeal from an order of the Supreme Court, Oneida County (Julie G. Denton, J.), entered January 18, 2024. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries that he allegedly sustained when he was arrested by police officers employed by defendant. In his complaint, plaintiff asserted a single cause of action for assault and battery, based on allegations that, during his arrest, fingerprinting, transport and arraignment, he was subjected to forcible touching. Defendant moved for summary judgment dismissing the complaint and, as relevant here, Supreme Court denied the motion with respect to plaintiff's claim of assault and battery at the time of arraignment. We affirm.
It is well settled that "[t]he proponent on a summary judgment motion bears the initial burden of establishing entitlement to judgment as a matter of law by submitting evidence sufficient to eliminate any material issues of fact" (Rice v City of Buffalo, 145 AD3d 1503, 1504-1505 [4th Dept 2016]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We conclude that defendant failed to meet its initial burden on the motion with respect to the claim of assault and battery at the time of plaintiff's arraignment, and thus the court properly denied that part of defendant's motion "regardless of the sufficiency of the opposing papers" (Winegrad, 64 NY2d at 853).
In support of its motion, defendant submitted, inter alia, a handwritten summons and complaint verified by the pro se plaintiff, as well as reports, deposition transcripts of police officers involved in the arrest and processing of plaintiff, and video recorded by body-worn cameras of several officers and surveillance video taken at the police station. Although the evidence submitted by defendant in support of its motion addresses the conduct of the officers at various times, including handcuffing, booking and escorting plaintiff to the police station, it is insufficient to eliminate any material issues of fact with respect to the claim of assault and battery at the time of arraignment because defendant did not submit any evidence regarding police conduct during that time frame.
We reject defendant's contention that it met its burden with respect to the claim of assault and battery at the time of arraignment by relying on the allegations in plaintiff's verified complaint. Even assuming, arguendo, that it is proper to treat the verified complaint as an affidavit under CPLR 105 (u), that evidence is nevertheless insufficient to eliminate any material issues of fact (see generally Winegrad, 64 NY2d at 853; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) inasmuch as plaintiff alleged in his complaint that he was "forcibly touched" at the time of his arraignment and that the force was "excessive, unjustified and unwarranted," and not simply, as defendant contends, that contact occurred while the officers [*2]were escorting plaintiff by holding onto his arms.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court